**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **RENE D. BRAVO,** ) | |
|        **Plaintiff,** ) | |
| **vs.** ) | **No.  3:13-CV-3335-D-BH** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|        **Defendant.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed as frivolous.

**I.  BACKGROUND**

On August 22, 2013, the plaintiff filed this *pro se* action against the United States.  He asserts that he has been damaged as a result of the federal government's failure to control illegal immigration. (Compl. at 1-2.) He contends that even though he is a third-generation American and a Vietnam veteran, people insult, stalk and try to run over him because he is three-fourths Mexican-American. *Id.*  He includes what he claims is a medical record generated after he was beaten by two "Hispanic kids at the train platform." (Compl. at 3-7.)  He seeks monetary damages for pain and suffering. (Compl. at 8.)

**II.  PRELIMINARY SCREENING**

Because the plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted."  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

### III. ANALYSIS

Here, the plaintiff has failed to state any plausible claim against the United States. First, "private persons . . .have no judicially cognizable interest in procuring enforcement of the immigration laws." *Sure-Tan, Inc. v. N.L.R.B.,* 467 U.S. 883, 897 (1984). Second, the Fifth Circuit has found that the federal government's alleged failure to control illegal immigration is a nonjusticiable political question that may not be resolved in federal court because the Constitution granted Congress the final authority over immigration matters, and because a federal agency's decision not to take enforcement action under a statute is not reviewable by a federal court under the Administrative Procedure Act. *See State of Texas v. United States*, 106 F.3d 661, 664-65, 667 (5th Cir. 1997). In that case, the State of Texas sued the United States for breach of its duty under the Constitution and federal law to control immigration and sought reimbursement of expenditures allegedly resulting from the failure to control illegal immigration. *Id.* at 663-64. The Fifth Circuit further found that even assuming that the issue is reviewable by a federal court, such review is limited, and the courts must give "special deference" to policy choices made by Congress and the Executive branch on immigration issues. *Id.* at 665. It therefore affirmed the district court's Rule 12(b) dismissal of the suit for failure to state a claim. *Id.* at 667.

Because a private person has no cognizable interest in seeking the enforcement of immigration laws, and a claim seeking monetary damages for a failure to control illegal immigration is nonjusticiable, the plaintiff in this case has failed to state a claim upon which relief may be granted.  Even assuming the claim is reviewable, he has also failed to allege sufficient facts to support a plausible claim that the federal government has a duty to reimburse him for alleged damages resulting from illegal immigration.  The complaint should therefore be dismissed as frivolous for failure to state a claim.

### IV.  RECOMMENDATION

This case should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 16th day of December, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE